June Term,
1860.

In re CAMP-
BELL.

---

In the matter of the appeal of HUGH CAMPBELL, adm'r, &c.

When an administrator does not render an account of his administration to the probate court within one year from his appointment, nor apply to the court to extend the time for doing so, the court may cite him to render such account upon its own motion, and without the application of any one interested in the estate.

APPEAL from the Circuit Court for *La Fayette* County.
The case is stated in the opinion of the court.
*T. J. Law*, for appellant.
*M. Hollister*, contra.

*By the Court*, COLE, J. In this case the judge of the county court of La Fayette county, acting as judge of probate, made an order, citing the appellant, who was the administrator of the estate of Patrick Norris, deceased, to appear before him and render an account of his acts and doings as administrator, more than one year having elapsed since his appointment as administrator of such estate. From the order citing him to appear, &c., the administrator appealed to the circuit court, where the order of the probate court was affirmed. An appeal was then taken to this court.

July 30.

VOL. XII—24

The simple question presented on the appeal, is, whether the probate court had authority, *upon its own motion*—no petition or application being presented therefor by some one interested in the estate—to make an order citing the administrator to render an account of his administration, after the expiration of a year from the time such administrator was appointed. It is contended on the part of the appellant, that the probate court can only make such an order upon the application of some one interested in the settlement of the estate.

Under the Revised Statutes of this state, courts of probate have a very extensive jurisdiction over the estates of deceased persons, and experience daily demonstrates that this jurisdiction must be extensive in order to secure a prompt and faithful settlement of such estates by those having them in charge. Our statute is founded upon the notion that the estates of deceased persons can ordinarily be settled within a year, and hence it is made one of the conditions of the bond to be given by an executor or administrator, that he " render a true and just account of his administration to the county court within one year, and at any other time when required by such court." If the condition of an estate is such that it cannot be settled within the year, then the executor or administrator should apply to the probate court for an extension of time, to enable him to execute his trust. When the administrator does not ask to have the time extended for the settlement of an estate, we think the probate court has the power, after the expiration of the year, to cite the administrator to render his account, even upon its own motion, and we can conceive of no valid objection to such an exercise of power on the part of that court. It is suggested upon the brief of counsel for the appellant, that various causes might exist which would render it impossible for an administrator to properly settle an estate within a year; but when this is the case, an extension of time would undoubtedly be granted on application therefor. It is a notorious fact that great, and not unfrequently, unnecessary delay intervenes in the settlement of estates, and there is but little danger that the power which was exercised in this case, will be abused.

What reason the probate court had for citing the administrator to render his account in this case, we do not know. It is fair to assume that that court acted upon good and sufficient grounds in citing the administrator to render his account, and that ample time had been given for the settlement of the estate. The probate court may have known that the administrator was acting improvidently, and that it was improper that he should be allowed longer to remain in the exercise of his functions. There may have been infant heirs who had no guardian, or some other reason may have existed which rendered it expedient and necessary for that court to act as it did in the premises.

As we think the probate court had the power, under our statute, to make the order citing the administrator to account, it follows that the order of the circuit court must be affirmed.